The Honorable Ed McKechnie State Representative, 3rd District 224 West Jefferson Pittsburg, Kansas 66762
Dear Representative McKechnie:
You request our opinion on whether Labette County is improperly competing with private enterprise in furnishing crushed rock for paving parking lots in industrial parks and roads in housing subdivisions. You also ask whether the County has complied with procedural requirements of the home rule statutes and the Kansas Open Meetings Act if there appear to be no minutes, resolution or other documentation of the county commissioners approving the providing of crushed rock to third parties.
You note that in Attorney General Opinion No. 93-1 this office addressed an issue similar to your first question. That opinion concluded that "[a] county may contract with a school or a private individual for the purpose of having the county perform road, street or driveway work only if those services promote a public purpose of the county." The opinion quoted an earlier opinion which held that "installation of asphaltic paving by the City on private property was tantamount to a commercial enterprise which was prohibited to municipal corporations." Attorney General Opinion No. 73-96. However, Opinion No. 73-96 relied on cases decided before 1974 when the Legislature granted counties the power of home rule. L. 1974, Ch. 110, §§ 1, 2. Prior to the grant of home rule power, a county could only do that which it was expressly authorized by statute to do. The controlling issue in the cases relied upon in Attorney General Opinion No. 73-96 was whether the governmental entity had express statutory authority to perform the acts in question. With the advent of home rule powers, counties are no longer limited to performing only such acts as the Legislature expressly authorizes, but enjoy broad power to determine their local affairs. K.S.A. 19-101. K.S.A. 1996 Supp. 19-101a permits a board of county commissioners "to transact all county business and perform all powers of local legislation and administration it deems appropriate," subject only to the limitations, restrictions or prohibitions contained in that statute, none of which prohibit or restrict the furnishing of crushed rock.
The cases cited in Attorney General Opinion No. 73-96 also relied on the constitutional prohibition against the State carrying on any work of internal improvement. Kan. Const. Art. 11, § 9. This provision was interpreted to prohibit any commercial enterprise by the State or any of its political subdivisions. See State ex rel. Mellott v. Mason,126 Kan. 43, 49 (1928). The Kansas Supreme Court has subsequently limited that constitutional prohibition to the State and has specifically found that it does not apply to political subdivisions of the State.State ex rel. Tomasic v. City of Kansas City, 237 Kan. 572, 587 (1985).
Although a county no longer needs express statutory authority to act and is not prohibited from conducting a commercial enterprise by Article 11, Section 9, it does not have unbridled authority. As stated in Attorney General Opinion No. 93-1, public funds may be spent only for a public purpose. This rule was recognized early in Kansas in LeavenworthCounty v. Miller, 7 Kan. 479 (1871), and has been applied more recently in Duckworth v. City of Kansas City, 243 Kan. 386 (1988). In Duckworth
the Kansas Supreme Court discussed the public purpose doctrine at length and decided that a municipality may appropriate public money to private individuals as long as the appropriation is for a public purpose and promotes the public welfare. 243 Kan. at 388. The Court also noted that "[a]s long as a governmental action is designed to fulfill a public purpose, the wisdom of the governmental action generally is not subject to review by the courts." 243 Kan. at 389. See also Ullrich v. Board ofThomas County Commissioners, 234 Kan. 782 (1984). This office has issued numerous opinions that discuss the public purpose doctrine. See Attorney General Opinions No. 81-208, 82-191, 82-229, 86-40, 91-53, 91-89, 92-73, 92-87.
Labette County Counselor, Fred W. Johnson, has advised this office that the Labette County Board of Commissioners works in conjunction with the City of Parsons to promote the area for economic development. He stated that the County has provided the City in-kind assistance rather than actual dollars by furnishing rock for streets and parking lots installed by the City in several industrial parks. He also indicated that in an effort to encourage new housing, the County has provided rock to the City to construct streets in housing developments. Based on information provided by Mr. Johnson, it appears that the Labette County Commission has determined that furnishing crushed rock for paving parking lots and streets furthers its public purpose of economic development. In our opinion, Labette County may provide crushed rock for parking lots and streets pursuant to its home rule power if such action fulfills a public purpose and promotes the public welfare. Attorney General Opinion No. 73-96 is withdrawn to the extent it conflicts with conclusions reached herein.
In response to your second question concerning whether the County has complied with home rule statutes and the Kansas Open Meetings Act, we find nothing in either the home rule statutes or the Kansas Open Meetings Act that requires keeping minutes of county commission meetings. Therefore, the lack of minutes indicating the approval by the County Commission to furnish crushed rock is not a violation of either the Kansas Open Meetings Act or home rule statutes.
K.S.A. 1996 Supp. 19-101a provides that "[c]ounties shall apply the powers of local legislation granted in subsection (a) by resolution of the board of county commissioners." The Labette County Counselor states that since the policy of cooperation has been made between the County and the City of Parsons, the City usually makes a request for crushed rock to the County Road and Bridge Supervisor who is then authorized by the County Commission to proceed as requested or to make changes desired by the Commission. Consideration by the County Commission is usually done by consensus during a meeting rather than by a formal resolution. In order to comply with K.S.A. 1996 Supp. 19-101a, the Labette County Commission should exercise its power of home rule by resolution authorizing the furnishing of rock to cities or private individuals.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm